**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

SUSAN CAROLINE SOMERS,

    Plaintiff,

v.                                                      Case No. 10-11123
                                                        Hon. Lawrence P. Zatkoff

CHARTER TOWNSHIP OF CLAYTON,
CHARTER TOWNSHIP OF CLAYTON
POLICE DEPARTMENT, DALE JONES,
MICHAEL POWERS, CHARLOTTE
LOUISE BROWN, ISAIAH FULLER, and
STEVEN MOORE,

    Defendants.
_____/

**ORDER**

**I. INTRODUCTION**

This matter is before the Court on Plaintiff's Motion to Extend Scheduling Order Sixty (60) Days, For Leave to File a Second Amended Complaint, or in the alternative, To Consolidate Case Number 12-13878 [dkt 39]. Defendants filed a response to the Motion [dkt 44]. Plaintiff failed to file a reply. The Court finds that the facts and legal arguments are adequately presented in the parties' papers such that the decision process would not be significantly aided by oral argument. Therefore, pursuant to E.D. Mich. L.R. 7.1(e)(2), it is hereby ORDERED that the Motion be resolved on the briefs submitted. For the following reasons, Plaintiff's Motion is DENIED.

**II. BACKGROUND**

Plaintiff filed suit against Defendants alleging a First Amendment retaliatory arrest violation pursuant to 42 U.S.C. § 1983 and a due process claim, as well as numerous violations

of state-law intentional torts. Defendants have filed a motion for summary judgment seeking dismissal of all of Plaintiff's claims. That motion is currently pending.

### III. ANALYSIS

Plaintiff seeks modification of the scheduling order and leave to file an amended complaint in order to have "sufficient time to complete discovery, have her Motion to Compel heard and insure that the pleadings in this case are in order." In other words, Plaintiff contends that good cause exists for additional time to "finalize discovery" and to file a *second* amended complaint.

Pursuant to Fed. R. Civ. P. 15(a)(2), leave to amend shall be "freely give[n] . . . when justice so requires," but "that window of opportunity does not remain open forever." *Shane v. Bunzl Distribution USA, Inc.*, 275 F. App'x 535, 536 (6th Cir. 2008). "A motion to amend a complaint should be denied if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile." *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir. 1995) (*citing Ford v. Ford*, 371 U.S. 187 (1962)). When a party seeks to amend its complaint at a late stage of the litigation, "there is an increased burden to show justification for failing to move earlier." *Wade v. Knoxville Utilis. Bd.*, 259 F.3d 452, 459 (6th Cir. 2001) (citing *Duggins v. Steak 'N Shake, Inc.*, 195 F.3d 828, 834 (6th Cir. 1999)).

Here, Plaintiff seeks leave from the Court to file a second amended complaint. As Plaintiff would have it, this amendment is justified because her first amended complaint, as it currently stands, suffers from "pleading deficiencies" that were caused by a previously retained attorney. According to Plaintiff, she merely wishes to "remedy" those deficiencies by more pointedly articulating the allegations and causes of action contained therein. The Court finds this argument unpersuasive.

Plaintiff's current counsel filed an appearance in this case on September 10, 2010. Yet, neither Plaintiff nor her attorney has offered any credible justification as to why such dilatory action was taken with respect to filing the instant Motion. Subsequent to the Court lifting the stay on this case in November of 2011, Plaintiff and her counsel had myriad opportunities to review her complaint and, if she so desired, could have made any clarifications. In fact, Plaintiff's counsel even contemplated as much by stating in the discovery plan prepared in preparation of the Court's scheduling conference that, "Following discussions with Defendants, Plaintiff may need to amend the Complaint to *better articulate* Plaintiff's claims and damages." Instead of diligently doing so, Plaintiff waited until two months after discovery in this case closed and one month after Defendants filed their motion for summary judgment to file the instant Motion. Permitting Plaintiff to amend her complaint after the completion of discovery and the filing of Defendants' dispositive motion would prejudice Defendants. *See Corning v. Nat'l Union Fire Ins. Co.*, 257 F.3d 484, 496–97 (6th Cir. 2001) (finding the defendant suffers substantial prejudice if the plaintiff waits until after the filing of a summary judgment motion to file a motion to amend). As such, Plaintiff's delay is unwarranted and her request for leave to file a second amended complaint is denied.

In similar fashion, Plaintiff has not demonstrated good cause for extending the scheduling order dates. Federal Rule of Civil Procedure 16(b)(4) authorizes district courts to manage scheduling and permits modifications "only for good cause and with the judge's consent." "[L]ate-moving litigants [are required] to show that 'despite their diligence they could not meet the original deadline.'" *Shane*, 275 F. App'x at 536 (quoting *Leary v. Daeschner*, 349 F.3d 888, 906–07 (6th Cir. 2003)).

As discussed above, Plaintiff's lack of diligence convinces the Court to also deny her request to extend the scheduling order dates. Notably, the Court has already twice extended the dates in the scheduling order. *See* Dkt. #'s 20 and 25. Plaintiff has not offered a compelling reason why approximately eight months was insufficient to complete necessary discovery concerning a run-of-the-mill § 1983 case. Therefore, the scheduling order dates in this case shall remain fixed.

## IV. CONCLUSION

Accordingly, for the reasons stated above, IT IS HEREBY ORDERED that Plaintiff's motion [dkt 39] is DENIED.

IT IS SO ORDERED.

                                                s/Lawrence P. Zatkoff
                                                Hon. Lawrence P. Zatkoff
                                                U.S. District Judge

Date: May 22, 2013